IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GREGORY HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 125-017 |
| ) | |
| PATRICK BROWN, Gang Unit Investigator; ) | |
| JOHN TARPLEY, Investigator; OFC. ) | |
| DANKO, Narcotic Investigator/Officer; SGT. ) | |
| WILLIAMS, Traffic Division; and ) | |
| OFC. WILLIAMS, Narcotic Investigator/ ) | |
| Officer, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently detained at Charles B. Webster Detention Center in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  SCREENING THE AMENDED COMPLAINT

   A.  BACKGROUND

In his amended complaint, Plaintiff names as Defendants: (1) Patrick Brown, (2) John Tarpley, (3) OFC Danko, (4) Sgt. Williams, and (5) OFC Williams. (Doc. no. 1, pp. 1, 2-3, 4.) Plaintiff sues all Defendants only in their official capacities. (Id. at 2-4.) Taking all of

Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 17, 2024, Plaintiff was at home playing with his dog when he heard his girlfriend yelling. (Id. at 8.) Plaintiff exited the nearest window out of fear and was immediately confronted by multiple officers with their weapons drawn. (Id. at 8, 10.) Plaintiff was arrested, and officers seized $6,500 and a cell phone from his person. (Id. at 10.) All five Defendants then participated in a warrantless search of Plaintiff's residence and of Plaintiff's girlfriend's vehicle, even though it was outside the curtilage of the residence. (Id. at 6-7, 11.)

Plaintiff was then taken to jail without being charged. (Id. at 10.) The following day, Plaintiff was charged with trafficking fentanyl, possession of methamphetamine with intent to distribute, possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute. (Id.) Three months later, Plaintiff learned he had been indicted under the Georgia RICO Act. (Id. at 11.)

Plaintiff alleges Defendants violated the Fourth Amendment, which resulted in "defamation of character" and "mental and emotional distress." (Id. at 11-12.) He also contends Defendants' actions have resulted in his need for psychotherapy and his continued present confinement. (Id. at 12.)

For relief, Plaintiff seeks a declaratory judgment and compensatory and punitive damages. (Id. at 8.)

**B.   DISCUSSION**

    **1.   Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

2

from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow

3

v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

        2.        **The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed only one other lawsuit he filed in state or federal court dealing relating to the conditions of his imprisonment: Humphrey v. Moody, No. CV 724-006 (M.D. Ga. Jan. 22, 2024).[1]  (Doc. no. 8, p. 16.) However, the Court is aware Plaintiff previously filed at least three other cases in federal court: Humphrey v. Emmons, No. CV 719-025 (M.D. Ga. June 14, 2019); Humphrey v. Williams, No. CV 124-177 (S.D. Ga. Dec. 19, 2024); and Humphrey v. Allen, No. CV 119-006 (S.D. Ga. Apr. 1, 2019).  Plaintiff commenced these cases before filing his amended complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera v. Allin, 144 F.3d, 719, 731 (11th Cir. 1998); see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x

---

[1] In his amended complaint, Plaintiff states he filed this lawsuit on January 22, 2023.  (Doc. no. 8, p. 16.)  However, the Middle District of Georgia docket reveals Plaintiff filed this lawsuit on January 22, 2024.  Regardless, the Court considers this error in year to be a scrivener's error.

4

935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v.

5

Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose the prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### 3. Plaintiff's Claims Are Due to be Dismissed Under the Younger Doctrine

Even if Plaintiff had not failed to disclose his prior cases, dismissal is warranted under the Younger abstention doctrine because the criminal case resulting from the warrantless search and seizure about which Plaintiff complains remains pending in Richmond County, Georgia Superior Court. Investigations, charging decisions, and decisions to admit evidence during state criminal proceedings belong to state authorities. The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (*per curiam*) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

6

All three factors weigh in favor of abstention. First, public records confirm what the amended complaint implies, i.e., state criminal proceedings are ongoing.² Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting such offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45. Third, Plaintiff has not established the state proceedings would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise in the state trial courts his complaints regarding the warrantless searches and seizures. See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.7 (11th Cir. 2004) ("The policy of equitable restraint expressed in Younger . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); see also O.C.G.A. § 17-5-30(a)(1) ("A defendant aggrieved by an unlawful search and seizure may move the court . . . to suppress as evidence anything so obtained on the grounds that[] [t]he search and seizure without a warrant was illegal[.]"). Thus, Plaintiff has not satisfied his burden of showing the state proceedings cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain from considering Plaintiff's claims under the Younger doctrine, and such claims should be dismissed without prejudice. See Jackson v.

---

² See Richmond County Superior Court Docket, available at https://cocaugustaga.com/mainpage.aspx (follow "Criminal Search" hyperlink; search for "Humphrey, Gregory"; and open 2024RCCR00965) (last visited Mar. 24, 2025); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

7

Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (*per curiam*) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (*per curiam*) (noting "[a] dismissal pursuant to the Younger doctrine is without prejudice and does not preclude later re-filing of the complaint").

### 4. Plaintiff's Official Capacity Monetary Claims

Plaintiff sues all Defendants only in their official capacities. (Doc. no. 8, pp. 2-4.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law.

### 5. Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint regarding his arrest and the search of his residence,[3] those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3) (emphasis added).

---

[3] For example, Plaintiff's amended complaint mentions defamation of character. (Doc. no. 8, pp. 8, 11.)

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction. Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court.").

## II.     CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history and because Younger abstention is warranted, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice, any

potential state law claims be dismissed without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA